IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRANDI A. SHREFFLER, )
)
    Plaintiff, )
)
    v. ) Civil Action No. 15-47-E
)
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

O R D E R

AND NOW, this 28th day of December, 2015, upon consideration of Plaintiff's Motion for Summary Judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues, in essence, that the Administrative Law Judge ("ALJ") erred by: (1) failing to analyze the medical evidence properly in assessing Plaintiff's Residual Functional Capacity ("RFC); (2) failing to evaluate properly the credibility of Plaintiff and Plaintiff's

1

witness; and (3) failing to include all of Plaintiff's limitations in her RFC and in the hypothetical question to the Vocational Expert ("VE").  The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

First, the Court finds no merit in Plaintiff's contention that the ALJ erred in failing to consider properly all the evidence in formulating Plaintiff's RFC.  In particular, Plaintiff argues that the ALJ did not adequately discuss, nor did he assign specific weight to, the examination records of treating physicians Humberto R. Dorta, M.D., and Frank Yohe, M.D.  It is well-established that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)).  "The law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue, 649 F.3d 193, 197 n.2 (3d Cir. 2011).  Thus, a treating physician's opinion is only entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (quoting 20 C.F.R. § 404.1527(c)(2)).  "If, however, the treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less than controlling weight or even reject it, so long as the ALJ clearly explains [his or] her reasons and makes a clear record." Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 148 (3d Cir. 2007).  A treating physician's opinion on the ultimate issue of disability is not entitled to any "special significance," and an ALJ is not required to accept it since the determination of whether an individual is disabled "is an ultimate issue reserved to the Commissioner." Smith v. Comm'r of Social Sec., 178 Fed. Appx. 106, 112 (3d Cir. 2006).

It should be noted at the outset that, because the evidence from Dr. Dorta and Dr. Yohe consists of medical treatment records, and not opinions specifically describing Plaintiff's functional capacity, the ALJ did not need to assign a particular amount of weight to those records in setting forth his decision.  Rather, the ALJ was required to properly consider those records in conducting his analysis.  An ALJ is not required, however, to make reference to every relevant treatment note in his decision, as long as the Court can discern the basis for the ALJ's decision.  See Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001); Knox v. Astrue, 2010 WL 1212561, at *7 (W.D. Pa. Mar. 26, 2010); Coccarelli-Yacobozzi v. Astrue, 2010 WL 521186, at *10 (W.D. Pa. Feb. 9, 2010).  Upon review, the Court finds that the ALJ adequately evaluated and discussed the treatment records provided by the two doctors, along with the other relevant medical and non-medical evidence in the record, in ultimately formulating Plaintiff's RFC.

For instance, included in his discussion of Plaintiff's treatment with Dr. Yohe at Stairways Behavioral Health, the ALJ stated that, in June, 2012, Dr. Yohe evaluated Plaintiff and noted that she was not taking any psychotropic medications, yet he did not appreciate any debilitating symptoms.  (R. 26-27).  Dr. Yohe prescribed Paxil for Plaintiff and recommended outpatient psychotherapy, but Plaintiff soon stopped attending sessions, claiming that she did not have time for them.  (R. 27).  The ALJ noted that, despite Plaintiff's failure to follow treatment, she did not decompensate and her condition remained stable.  (R. 27).

In reviewing Dr. Dorta's treatment, the ALJ stated that Plaintiff originally treated with Dr. Dorta in December, 2010, but was discharged from treatment for failing to attend her appointments. (R. 26). Then, in February, 2013, Plaintiff returned to treat with Dr. Dorta because she was not pleased with her treatment at Stairways. (R. 27). Nevertheless, like Dr. Yohe, the ALJ explained that "Dr. Dorta failed to appreciate any evidence of psychosis, hallucination, delusions, suicidal thoughts, homicidal ideation, an abnormal thought process, or neurological deficits." (R. 27). The ALJ also noted that no significant changes were reported during Dr. Dorta's assessments in May, June, and July of 2013. (R. 27). Additionally, the ALJ cited the doctors' Global Assessment Functioning ("GAF") scores, advising that, although scores between 40 and 50 had been assigned at various times, "neither treating psychiatrist appreciated any evidence of impaired reality, defiance, suicidal ideation, severe obsessional rituals, illogical speech, delusional thinking, audio or visual hallucinations, or psychosis." (R. 27). Additionally, the ALJ emphasized that, during the relevant period under consideration, Plaintiff failed to follow prescribed treatment, yet no inpatient psychiatric treatment had been necessary. Thus, considering the evidence overall, the ALJ stated that his RFC is more than accommodating, is not inconsistent with opinion evidence in the record, and is "otherwise supported by the preponderance of the evidence." (R. 27).

Accordingly, the Court finds that the ALJ properly discharged his duty to consider and discuss the medical treatment evidence, as well as the other relevant evidence addressing Plaintiff's alleged impairments, that was presented in the record. The Court finds that substantial evidence supports the ALJ's evaluation of the doctors' evidence and his decisions in determining Plaintiff's RFC.

Plaintiff also contends that the ALJ should not have relied on the opinion of state agency reviewing psychologist Emanuel Schnepp, Ph.D., in making his RFC determination. In September, 2012, Dr. Schnepp examined Plaintiff's records, noted her impairments and her activities of daily living, and found that Plaintiff has no more than moderate limitations and that she could perform heavy/very heavy exertion work. (R. 78-82). The ALJ cited to Dr. Schnepp's findings in rating the degree of Plaintiff's functional limitations, and he explained that his RFC assessment is "not inconsistent with the opinion of Dr. Schnepp, the State agency psychologist (Exhibit 1A), and otherwise supported by the preponderance of the evidence." (R. 23-24, 27). Although Plaintiff would prefer that the Court disregard Dr. Schnepp's opinion, the Court of Appeals for the Third Circuit has stated that, in making an RFC determination, an ALJ may give more weight to a non-examining professional's opinion if that opinion is better supported by the record. See Salerno v. Comm'r of Soc. Sec., 152 Fed. Appx. 208 (3d Cir. 2005) (affirming an ALJ's decision to credit the opinion of a non-examining state agency reviewing psychologist, rather than the opinions of a treating physician and a consultative examiner). As in Salerno, the record here establishes that the ALJ was likewise entitled to give weight to the state agency examiner's opinion, and the Court finds that substantial evidence supports the ALJ's decision to rely on the opinion of Dr. Schnepp.

Thus, upon review, the Court finds that the ALJ properly discharged his duty to address not just the records of Dr. Yohe and Dr. Dorta, but also the other medical evidence of record.

Throughout his decision, the ALJ clearly considered the relevant evidence, provided discussion to support his evaluation, and ultimately concluded that certain evidence was not consistent with the evidence as a whole. Thus, the Court finds that substantial evidence supports the ALJ's evaluation of the medical evidence presented in making his ultimate determinations regarding Plaintiff's RFC.

Plaintiff's second claim is that the ALJ erred in evaluating her credibility and the credibility of her witness, mental health care caseworker Shelly Peterson. In support of this argument, Plaintiff contends, in essence, that the ALJ misconstrued the evidence of record. The Court finds, however, that the ALJ did in fact properly address the evidence presented in finding the statements of Plaintiff and Ms. Peterson regarding Plaintiff's limitations to be not entirely credible.

In determining whether a claimant is disabled, the ALJ must consider all of a claimant's symptoms, including allegations of pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. See 20 C.F.R. § 416.929(a). A claimant's subjective complaints of pain or other symptoms alone are not sufficient to establish disability. See 20 C.F.R. § 416.929(a). In evaluating a claimant's subjective complaints, the ALJ must consider, first, whether the claimant has a medically determinable impairment that could reasonably be expected to produce the pain or symptoms she alleges. See 20 C.F.R. § 416.929(b). Once an impairment is found, the ALJ then must evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which those symptoms limit her ability to work. See 20 C.F.R. § 416.929(c)(3)(i)-(vii) (factors relevant to symptoms can include daily activities, medications and medical treatment).

In his decision, the ALJ discussed at significant length Plaintiff's medical treatment and Plaintiff's own statements, as well as the statements of Ms. Peterson, in connection with Plaintiff's alleged impairments. The ALJ found that Plaintiff has the severe impairments of major depressive disorder (recurrent) and borderline personality disorder. (R. 22). Upon review of all the evidence of record, however, the ALJ ultimately concluded that the evidence as a whole simply does not support the extreme limitations Plaintiff alleges.

For example, the ALJ noted that the alleged onset date, May 25, 2012, does not correspond to any accident, urgent medical treatment or hospitalization. (R. 26). Plaintiff testified that she does not bathe or dress herself daily, but other evidence in the record indicates that her hygiene is normal. (R. 26). Plaintiff testified that she does not go shopping, but Ms. Peterson testified that Plaintiff does shop. (R. 26). The ALJ also noted that, although Plaintiff alleges that she has attempted to commit suicide on several occasions by cutting herself, when asked to reveal her scars to her treating physician, she stated that her scars had healed. (R. 26). Also, Plaintiff denied any inpatient psychiatric stays. (R. 26). Similarly, Plaintiff claims to have severe anger issues and "blackouts," but there is no medical evidence of record documenting such incidents, nor has Ms. Peterson witnessed any anger management problems. (R. 26). Furthermore, despite her claims of disabling mental limitations, the ALJ found it to be worth noting that the record contains evidence of Plaintiff's having relationships, maintaining her

4

household, raising her three-year-old daughter independently, and sharing custody of her five-year-old daughter with the child's father. (R. 23, 27-28).

While the ALJ discussed Ms. Peterson's statements at some length, he ultimately found her testimony to be not credible. (R. 26). Along the same lines, the record also contains a letter from Ms. Peterson describing Plaintiff and opining that Plaintiff is not capable of being "gainfully employed to the point that she would be able to support herself and children." (R. 312). The ALJ found Ms. Peterson's opinion, however, to be "inconsistent with the mental health care progress notes of record and contrary to the opinion of the State agency psychologist, Dr. Schnepp, who believes the limitations resulting from the claimant's mental impairments do not preclude her from performing basic mental demands of competitive work on a sustained basis." (R. 28). The Court finds that, although Ms. Peterson was not an acceptable medical source within the meaning of 20 C.F.R. § 416.913, the ALJ considered her opinion pursuant to S.S.R. 06-3p, and was justified in giving her opinion less weight in making his determination. See 2006 WL 2329939, at *5 (S.S.A. 1996) (noting that an opinion from an acceptable medical source may justifiably be given greater weight than an opinion from a not acceptable medical source).

Thus, the ALJ stated that, after careful consideration of all of the evidence, Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms. However, I find the statements of the claimant and her mental healthcare caseworker concerning the intensity, persistence and limiting effects of the claimant's symptoms are not credible to [the] extent they are inconsistent with the above [RFC]." (R. 26). The Court finds that the ALJ did not err in evaluating Plaintiff's subjective complaints, nor did he err in evaluating the testimony and opinion of Ms. Peterson, because he thoroughly reviewed them in accordance with the regulations, and he provided sufficient explanation as to why he found their statements to be not entirely credible.

Finally, the Court finds no merit in Plaintiff's argument that—because the ALJ allegedly failed to include all the limitations supported by the record in her RFC—the hypothetical question to the VE was incomplete. In fact, the hypothetical question to the VE must accurately portray the claimant's impairments, but such question need only reflect those impairments that are adequately supported by the record. See Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984); Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). In this case, the Court finds that the ALJ's hypothetical question to the VE fully accommodated the limitations that were supported by the record, which were also properly included in the RFC. (R. 71).

As discussed, supra, the ALJ accounted for the limitations supported by the record when he asked the VE to assume an individual of Plaintiff's age, education and work experience who can perform work at any exertional level, but such work would require no more than the most basic reading and writing and no more than simple addition and subtraction; would be limited to performing simple, routine repetitive tasks not performed in a fast-paced production environment; would involve only simple work related decisions, and in general relatively few workplace changes; would avoid interaction with the general public and no more than superficial interaction with supervisors and coworkers. (R. 71). Considering these limitations, the VE

5

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. no. 7) is DENIED and Defendant's Motion for Summary Judgment (Doc. no. 9) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

testified that such an individual could perform jobs that exist in significant numbers in the national economy, including laundry worker, janitor, and hand packager. (R. 71). Thus, the Court finds that the ALJ relied upon the response to an appropriate hypothetical question which included those limitations, properly portrayed in the RFC, that were supported by the record. The Court concludes, therefore, that the ALJ's hypothetical question included all the limitations supported by the record and properly included in Plaintiff's RFC.

In sum, the Court finds that the ALJ addressed all relevant evidence in the record, including full consideration of the opinion and other medical evidence, and he thoroughly discussed the basis for his RFC finding. Additionally, the Court finds that the ALJ did not err in assessing Plaintiff's credibility, nor did the ALJ err in posing his hypothetical question to the VE. Accordingly, the Court affirms.